IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROYAL OAK ENTERPRISES, LLC,

    Plaintiff,

v.

CIVIL ACTION NO.

1:10-CV-2494-JEC

NATURE'S GRILLING PRODUCTS, LLC,

    Defendant.

**ORDER and OPINION**

This case is presently before the Court on defendant's Motion For Protective Order [21], defendant's Motion For Summary Judgment [23], defendant's Motion For Protective Order Regarding Privileged Documents [27], plaintiff's Motion To Deny Summary Judgment Under Rule 56(d) [33], defendant's Emergency Motion For Scheduling Conference [38], defendant's Motion For Leave To File Sur-Reply [46], and the parties' Joint Motion For A Discovery Extension [49].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion For Protective Order [21] should be **DENIED as moot**, defendant's Motion For Summary Judgment [23] should be **DENIED without prejudice**, defendant's Motion for Protective Order Regarding

Privileged Documents [27] should be **GRANTED**, plaintiff's Motion To Deny Summary Judgment [33] should be **GRANTED**, defendant's Emergency Motion For Scheduling Conference [38] should be **DENIED**, defendant's Motion For Leave To File Sur-Reply [46] should be **DENIED as moot**, and the parties' Joint Motion For A Discovery Extension [49] should be **GRANTED.**

## BACKGROUND

This is a trademark case. Plaintiff Royal Oak Enterprises, LLC ("Royal Oak") uses the mark "Nature-Glo" in connection with its sale of charcoal and wood briquets, wood chips and grill wood. (Compl. [1] at ¶¶ 9, 15.) The original owner of the "Nature-Glo" mark, Hickory Specialties, Inc., adopted and began using the mark in its charcoal and grilling products business in 1985. (*Id.* at ¶ 8.) Hickory Specialties registered the mark with the United States Patent and Trademark Office ("USPTO") in 1987, and subsequently assigned the mark to plaintiff. (*Id.* at ¶¶ 10, 15.)

Defendant Nature's Grilling Products, LLC ("Nature's Grilling") is in the business of selling natural and sustainable grilling products, including charcoal briquets. (Def.'s Br. in Supp. of Summ. J. ("Def.'s Br.") [25] at 5-6.) In 2006, defendant began using the mark "Nature's Grilling Products" in connection with its business. (*Id.* at 5.) Defendant later shortened its mark to "Nature's

Grilling." (*Id.*) Defendant filed an application to register the "Nature's Grilling" mark with the USPTO in February, 2008. (*Id.* at 6.) Approximately two years later, the USPTO notified defendant that the "Nature's Grilling" mark had been allowed for use in connection with charcoal briquets. (*Id.*)

Plaintiff contends that defendant's use of the term "Nature's Grilling" infringes plaintiff's preexisting rights in the mark "Nature-Glo." (Compl. [1] at ¶ 28.) In its complaint, plaintiff asserts federal claims against defendant for trademark infringement and unfair competition, and state claims for infringement and deceptive trade practices. (*Id.* at ¶¶ 23-45.) Assuming that it prevails on its claims, plaintiff seeks an injunction prohibiting defendant from using the "Nature's Grilling" mark, as well as compensatory damages and the costs of the action. (*Id.* at 11-12.)

Discovery in this case was scheduled to close in May, 2011, but it is largely incomplete as a result of several intervening motions filed by the defendant. Specifically, defendant has filed a motion for a protective order regarding discovery pending resolution of its separate motion for summary judgment. (Def.'s Mot. for Protective Order [21] and Mot. for Summ. J. [23].) According to defendant, this action should be summarily dismissed prior to discovery because it constitutes "trademark bullying." (Def.'s Br. [25] at 1-4.) In response to defendant's highly unusual request for summary judgment

3

without any discovery, plaintiff has filed a motion to deny summary judgment pursuant to Federal Rule 56(d). (Pl.'s Mot. to Deny Summ. J. [33].)

In addition to the above motions, defendant has filed a motion requesting general protection from discovery and a protective order as to certain allegedly privileged documents. (Def.'s Mot. for Protective Order [27] and Mot. for Scheduling Conference [38].) The parties have also filed a joint motion to extend the discovery deadline, which expired nearly six months ago.[1] (Jt. Mot. for Extension [49].) All of these motions are presently before the Court.

## DISCUSSION

### I. Defendant's Motion For Summary Judgment

#### A. Standard

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. CIV. P.

---

[1] Defendant's motion for leave to file a sur-reply also appears on the docket. (Def.'s Mot. for Leave [46].) The proposed sur-reply pertains to plaintiff's motion for a stay of this action pending a ruling by the Trademark Trial and Appeal Board ("TTAB") in a cancellation proceeding. (*Id*.) The Court previously denied plaintiff's motion for a stay. (Order [52].) Accordingly, defendant's motion for leave to file a sur-reply addressing the stay issue [46] is **DENIED as moot**.

56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(c). In such a situation, there can be "no genuine issue as to any material fact," as "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)) (internal quotation marks omitted).

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. After the movant has carried his burden, the nonmoving party is then required to "go beyond the

5

pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quoting FED. R. CIV. P. 56(e)) (internal quotation marks omitted). While the court is to view all evidence and factual inferences in a light most favorable to the nonmoving party, *Samples*, 846 F.2d at 1330, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48.

**B. Plaintiff's Trademark Claims**

In order to prevail on its federal trademark infringement claims, plaintiff must show that defendant's use of the "Nature's Grilling" mark is likely to confuse consumers.[2] *Welding Servs., Inc. v. Forman,* 509 F.3d 1351, 1356 (11th Cir. 2007). Whether there is a likelihood of confusion is a question of fact, determined by weighing the following factors: (1) strength or distinctiveness of the allegedly infringed mark, (2) similarity of the infringed and infringing marks, (3) similarity of the goods or services offered

---

[2] Plaintiff's state claims are governed by the same standard. *See Future Prof'ls, Inc. v. Darby,* 266 Ga. 690, 691 (1996)(Georgia law "entitles a person to the protection of a trade name when another person's use of a similar name" creates a likelihood of confusion) and *Impreglon, Inc. v. Newco Enter., Inc.,* 508 F. Supp. 2d 1222, 1242-43 (N.D. Ga. 2007)(Story, J.)(recognizing that the Lanham Act and the Georgia UDTPA are governed by the same standard).

6

under the two marks, (4) similarity of the sales methods used by the two parties, such as their sales outlets and customer base, (5) similarity of advertising methods, (6) intent of the alleged infringer to misappropriate the proprietor's good will, and (7) the existence and extent of actual confusion in the consuming public. *Id.* at 1360.

For purposes of the present motion, defendant concedes that the goods offered for sale under the two marks are the same, and that the parties use similar advertising methods. (Def.'s Br. [25] at 10.) Nevertheless, and in spite of the lack of any discovery on the relevant issues, defendant argues that summary judgment is warranted because the remaining factors overwhelmingly weigh in its favor. (*Id.*) Specifically, defendant asserts that the "Nature's Grilling" and "Nature-Glo" marks "drastically differ" in sound and appearance. (*Id.* at 11-20.) In addition, defendant submits the declaration testimony of its founder Bradley Nattrass that defendant: (1) uses different channels of trade and does not share a customer base with plaintiff and (2) did not intend to take advantage of plaintiff's goodwill in the "Nature-Glo" mark. (*Id.* at 21-23.) Finally, defendant notes that it is unaware of any instances of actual confusion among consumers. (*Id.* at 24.)

Depending on the evidence that is developed during discovery, defendant may ultimately prevail on its motion for summary judgment.

7

However, at this stage in the litigation, the motion is clearly premature. Contrary to defendant's suggestion, the marks at issue are not so obviously distinct that reasonable confusion is foreclosed. *Cf. Alaven Consumer Healthcare, Inc. v. DrFloras, LLC*, 399 Fed. Appx. 545, 547 (11th Cir. 2010)(upholding the district court's determination that "DrNatura" and "DrFloras" were insufficiently similar to create a triable issue of fact on trademark infringement). Considering that the products offered for sale under the marks are identical, discovery may reveal questions of fact on this issue.

As to the remaining factors, plaintiff is entitled to discovery in order to: (1) test the veracity of the declaration testimony submitted by defendant and (2) explore fact-intensive issues such as intent and actual confusion. *See* FED. R. CIV. P. 56(d)(providing for discovery where a nonmovant "cannot present facts essential to justify its opposition" to summary judgment) and *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."). *See also Vining v. Runyon,* 99 F.3d 1056, 1058 (11th Cir. 1996)("it is error for a district court to decide a summary judgment motion before ruling on an outstanding motion to compel"). Even in the absence of any discovery, plaintiff

8

has produced evidence that contradicts defendant's assertions as to the channels of trade. (Pl.'s Resp. to Def.'s Mot. for Summ. J. ("Pl.'s Resp.") [32] at 22-24.)

In fact, defendant concedes in a different pleading that at least some discovery is warranted "out of respect for fair play and the general notion of a sort of civil Sixth Amendment right to cross-examination." (Def.'s Resp. to Pl.'s Mot. to Deny Summ. J. Under Rule 56(d) [39] at 1.) The Court agrees with that statement. Moreover, the Court is persuaded by plaintiff's argument that discovery is required by Rule 56(d). (Pl.'s Mot. to Deny Summ. J. Under Rule 56(d) [33].) Accordingly, the Court **GRANTS** plaintiff's Motion to Deny Summary Judgment Under Rule 56(d) [33] and **DENIES without prejudice** defendant's Motion for Summary Judgment [23]. Defendant will be permitted to renew its motion for summary judgment following discovery.[3]

## II. Discovery Motions

### A. General Protective Order

The question that remains to be decided is whether plaintiff is entitled to full discovery prior to the summary judgment ruling. In

---

[3] In accordance with these rulings, and to clarify the docket, the Court **DENIES as moot** defendant's motion for a protective order as to discovery [21] pending the Court's ruling on summary judgment. Defendant effectively achieved a stay by refusing to participate in discovery prior to the Court's ruling.

9

its motion for a scheduling conference, defendant argues that discovery should be strictly limited in its scope and time frame. (Def.'s Mot. for Emergency Scheduling Conference [38].) As a justification for imposing such limits, defendant again invokes the "trademark bullying" rationale. (*Id.* at 6.) According to defendant, this case is simply an attempt by plaintiff to rid itself of a competitor under the guise of enforcing trademark rights. (*Id.*) Defendant suggests that its survival will be threatened by the expense of full discovery and the length of time required to complete it. (*Id.* at 4-5.)

Defendant's arguments are unpersuasive. As an initial matter, there is insufficient evidence in the record to simply accept, without question, defendant's trademark bullying theory. In support of its theory, defendant cites a USPTO survey and recent Congressional action concerning the "epidemic" of trademark bullying. (Def.'s Br. [25] at 1, 4.) Of course, the fact that trademark bullying is becoming more common does not mean that plaintiff is guilty of it in this particular case. Further, hyperbolic name-calling of one's opponent tends to suggest some insecurity about the merits of one's own position.

Defendant also presents declaration testimony suggesting that plaintiff recently lost a contract to defendant in a competitive bidding process. (Nattrass Decl. [36] at 2-4.) Assuming the

10

testimony is true, it does not necessarily follow that plaintiff filed this action in retaliation. Indeed, the fact that plaintiff concurrently filed a cancellation proceeding with the TTAB suggests otherwise. In any case, the declarant's statements are open to dispute, as they have not been tested by deposition or otherwise in discovery.

Furthermore, defendant's stated concerns about its ability to fund the litigation and survive during the time required to complete full discovery are suspect. Defendant claims that it does not have the necessary cash reserves to pay "exorbitant attorneys' fees for protracted and burdensome litigation." (*Id.* at 4.) However, in other pleadings, defendant asserts that this litigation "costs zero" to defendant as a result of its insurance coverage. (Def.'s Br. in Supp. of Mot. to File Sur-Reply [46] at 10.) Certainly defendant's conduct of the litigation thus far, including its extensive filing of non-meritorious motions, has not been especially cost-sensitive. As to the time factor, discovery could have been completed six months ago if defendant had merely complied with the original scheduling order, rather than filing a pre-discovery motion for summary judgment that counsel could not have reasonably expected would actually be granted.

In short, there is no good reason to deviate in this case from the usual course of discovery. Accordingly, the Court **DENIES**

11

defendant's motion for a scheduling conference [38] and the relief requested therein. To facilitate the discovery process, the Court **GRANTS** the joint motion for an extension of time to complete discovery [49]. Discovery will begin on the date of this order, and will conclude in four (4) months. As to its scope, all discovery requests should comply with Rule 26(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26(b)(permitting discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense"). Pursuant to Rule 26(c), the parties should make every effort to resolve any disputes that arise without the involvement of the Court. *See* FED. R. CIV. P. 26(c)(requiring "an effort to resolve [discovery] dispute[s] without court action").

### B. Protective Order As To Privileged Documents

In addition to its general request for protection from discovery, defendant has filed a motion for a protective order as to specific documents that are allegedly privileged. (Def.'s Mot. for Protective Order [27].) The documents at issue are the subject of a subpoena served on defendant's insurer, Nautilus Insurance Company ("Nautilus"). (*Id.* at Ex. B.) The subpoena encompasses the entire Nautilus claim file, including any communications with defendant and/or defense counsel since the beginning of the litigation. (*Id.*)

Federal Rule of Civil Procedure 26(b)(3) generally prohibits the discovery of "documents . . . that are prepared in anticipation of

12

litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3). The prohibition expressly extends to documents created by a party's insurer. *Id.* Pursuant to Rule 26(b)(3), such documents may only be discovered if the party requesting them "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*

The documents described in the Nautilus subpoena clearly fall within the protection of Rule 26(b)(3). *See Carver v. Allstate Ins. Co.,* 94 F.R.D. 131, 134 (D.C. Ga. 1982)(once litigation is imminent, an insurer's claim file is maintained "in anticipation of litigation" and its contents are protected by Rule 26(b)(3)) and *Taylor v. Temple & Cutler*, 192 F.R.D. 552, 558 (E.D. Mich. 1999)(files generated during an insurer's investigation of a third party claim are made in anticipation of litigation and are not discoverable). The subpoena specifically covers documents related to the litigation that were generated after the case was filed. (Def.'s Mot. for Protective Order [27] at Ex. B.)

Plaintiff does not even attempt to show "substantial need" or "undue hardship." (Pl.'s Resp. to Mot. for Protective Order [31].) Indeed, plaintiff does not provide any substantive response to defendant's motion. (*Id.*) Rather, plaintiff argues that the motion should be denied because defendant did not: (1) submit a memorandum

13

of law in support of its motion or (2) provide a privilege log as required by Rule 26(b)(5). (*Id*. at 1-2.)

Plaintiff's arguments are unavailing. Defendant's motion adequately sets forth its fairly simple legal argument concerning Rule 26(b)(3), and cites the appropriate authorities. A formal brief is not necessary. With regard to the privilege log, Rule 26(b)(5) technically does not apply because plaintiff's subpoena is not directed to a "party" in the case. *See* FED. R. CIV. P. 26(b)(5). Moreover, a privilege log would serve no purpose here because defendant seeks protection for the entire Nautilus claim file. As plaintiff fails to assert any persuasive argument for permitting discovery of the file, the Court **GRANTS** defendant's motion for a protective order [27].

## CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** defendant's Motion For Protective Order [21], **DENIES without prejudice** defendant's Motion For Summary Judgment [23], **GRANTS** defendant's Motion for Protective Order Regarding Privileged Documents [27], **GRANTS** plaintiff's Motion To Deny Summary Judgment [33], **DENIES** defendant's Emergency Motion For Scheduling Conference [38], **DENIES as moot** defendant's Motion For Leave To File Sur-Reply [46], and **GRANTS** the parties' Joint Motion For A Discovery Extension [49].

14

So ORDERED this <u>21st</u> day of November, 2011.


<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)